**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JAMES E. CLEMONS,

                                                                                           PETITIONER

ADC#78567

v.                                          5:12-cv-00176-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      BACKGROUND

On March 18, 2009, a jury found James Clemons guilty of capital murder and he was

sentenced to life imprisonment without possibility of parole. (Doc. No. 7-2.) Mr. Clemons appealed

his conviction to the Arkansas Supreme Court (Doc. No. 7-5 at 1) which affirmed his conviction and

sentence on September 23, 2010.  *Clemons v. State*, 2010 Ark. 337, 2010 WL 3704980 (2010).

Mr. Clemons then pursued post-conviction relief in Union County Circuit Court pursuant

to Rule 37 of the Arkansas Rules of Criminal Procedure.  He mailed his petition directly to the

circuit judge instead of filing it with the circuit clerk.  *See Clemons v. State*, 2011 Ark. 345, at *1,

2011 WL 3930370, at *1 (2011)(unpublished); (Doc. No. 7-6.)  The circuit court considered the

petition on the merits and entered an order on January 24, 2011, denying relief.  (Doc. No. 7-5.)

Clemons appealed and the Arkansas Supreme Court dismissed his appeal because his petition was

never properly filed with the circuit clerk of court. *Clemons*, 2011 Ark. at *1, 2011 WL 3930370,

at *1 (2011).

On April 9, 2012, Mr. Clemons filed a state habeas petition pursuant to Ark. Code Ann. §

16-112-201 et al. with the Union County Circuit Court.  (Doc. No. 7-7.)  On July 2, 2012, the circuit

court entered an order denying that petition based on the fact that Mr. Clemons was in custody in

another county at the time.  (Doc. No. 7-8.)  He filed his Petition for Writ of Habeas Corpus for

federal relief on May 21, 2012.

## II.     DISCUSSION

Title 28 U.S.C. § 2244(d)(1) places a one-year statute of limitations period on the filing of

petitions for a writ of habeas corpus.  This one-year period begins to run from the latest of the

following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In general, tolling of this limitations period can occur in one of two ways: (1) where the

petitioner had pending a "properly filed application for post-conviction or other collateral review,"

28 U.S.C. § 2244(d)(2); or (2) where the petitioner diligently "'pursu[ed] his rights . . . and . . . some

extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Fla.*, 130

S.Ct. 2549, 2562 (2010)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, n.8 (2005).  As the United

States Supreme Court has held that:

> An application is "filed," as that term is commonly understood, when it is delivered

> to, and accepted by, the appropriate court officer for placement into the official record. And an application is " properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 5 (2000).

In Arkansas, Rule 37 petitioners must file their petitions with the circuit clerk. *Benton v. State*, 325 Ark. 246, 248, 925 S.W.2d 401, 402 (1996) ("Delivering an item to a circuit judge is not the equivalent of filing the item with the clerk for the purposes of determining whether an item is timely filed under Rule 37.").

## III.    ANALYSIS

After careful review, the Court concludes that the instant Petition is untimely.  The date triggering the one-year limitations period was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The expiration date was January 10, 2011, for Mr. Clemons to seek a writ of certiorari from the United States Supreme Court.  *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012).  He had one year from that date – until January 10, 2012 – to file his Petition.  The May 21, 2012, filing was over four months after the limitations period had expired.

With regard to 28 U.S.C. § 2244(d)(2) tolling, neither his Rule 37 petition nor his state habeas petition qualify as a "properly filed" application for post-conviction relief.  As the Arkansas Supreme Court noted in *Clemons v. State*, 2011 Ark. 345, 2011 WL 3930370 (2011) (unpublished), and as the Union County Circuit Clerk stated in her June 1, 2011, affidavit (Doc. No. 7-6), Mr. Clemons never actually filed his Rule 37 petition with the clerk's office. This procedural error precluded the circuit court's exercise of jurisdiction over the merits of his claims.  Likewise, because Mr. Clemons filed his state habeas petition in a county other than the county where he was in

custody, the circuit court lacked jurisdiction to consider Petitioner's state habeas claims.  In light

of these procedural errors, tolling pursuant to 28 U.S.C. § 2244(d)(2) is not appropriate.

Additionally, Mr. Clemons has not alleged facts sufficient to support a finding that he

diligently pursued his rights with regard to his claims or that an extraordinary circumstance

prevented timely filing. Therefore, there is no basis for equitable tolling in this case.

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Clemons's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be

DISMISSED with prejudice, and the requested relief be DENIED.

DATED this 1st day of August 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE